FILED BY ___ D.C.

SEP 01 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

```
 1              (Civil complaint)

 2              William Calvin Poole, Junior.

 3              Cofab, C-O-F-A-B, Properties Incorporated.

 4              Yes, jury trial.

 5              William Calvin Poole, Junior.

 6              The address is 1016 Northeast 17th Avenue,
 7    Apartment 4, that is in Fort Lauderdale, Florida, zip code
 8    33304.

 9              954-307 -- excuse me.  It is not 307.  It is 536-0862.

10              Senseranger@gmail.com.

11              One defendant:  Cofab Properties Incorporated.

12              1100 Northeast Oakland Park Boulevard, Suite 111, and
13    that is -- it should be but -- formally it is Oakland Park,
14    Florida, 33334.

15              I don't know the email.  The phone is 396-8985. (954)
16    exchange.

17              Federal question.

18              They would began the Americans with Disabilities Act.
19    I don't have the cite number for that.  Title 504 of the Fair
20    Housing Act.  They would also be the Equal Protection Clause of
21    the 14th Article of Amendment of the United States
22    Constitution.  You should put in parentheses after that direct
23    extraction from.  Again, as before, you need to put under that
24    other statutes to be cited in amended complaint.

25              Cofab Properties, Incorporated.
```

```
 1            Florida.
 2            Add to 14th Article of Amendment, append to that
 3   saying also other civil rights laws pursuant there to
 4   pertaining to persons with disabilities.
 5            It's Cofab Properties Incorporated.  It is
 6   incorporated under the -- as far as I know under the state of
 7   Florida.  Florida, principal state of business.  Principal
 8   place of business in Florida.
 9            The last two are nonapplicable.
10            Again, unspecified damages, civil and/or --
11   unspecified damages, compensatory and/or punitive.
12            1.  Plaintiff currently resides in an apartment leased
13   from defendant.
14            2.  Plaintiff took possession of premises on March 1,
15   2012.
16            3.  Original landlord, not the same as current
17   landlord, accommodated plaintiff with accessible graphic
18   communications, in the form of American Literary Braille.
19            4.  New landlord, the defendant, purchased and took
20   possession of the property from previous landlord several
21   months after plaintiff leased and took possession of same
22   dwelling from original landlord.
23            5.  At expiration of original lease from original
24   landlord, plaintiff asserted his rights to receive all graphic
25   communications from new landlord, the defendant, in the
```

accessible form of American Literary Braille.  At that time, new landlord, the defendant, said that they will look into the question, but defendant never received any such accessible form communications, nor did he receive any response from the new landlord, the defendant.  This originally occurred in September of the year 2012.

6.  At all subsequent new lease signings, plaintiff has asserted and requested his right to receive all accessible form communications, including, but not limited to, copies of the lease documents themselves.  Plaintiff has steadfastly been stalled as to compliance on this issue.  Plaintiff has repeatedly cited to the defendant that the right to accessible communications from the landlord was established, in Broward County, Florida, by a suit which the plaintiff was a defendant in, namely 9th Avenue Quadplex versus William Poole.  Where in this case, the judge did not allow any proceedings to go forward until the plaintiff in this case, the defendant in that case, William Poole received all graphic communications from the landlord, including but not limited to the lease, in the accessible form of American Literary Braille.  This case was heard in Broward County, Florida, Case Number and precise name of Court to be supplied later.

7.  Plaintiff has signed new lease with landlord, on current date, and today's date September 1, 2016, for an additional year's tenancy at the same premises.  Landlord, the

1  defendant, has gain failed to provide accessible form documents
2  of the type requested, and has rather instead told the
3  plaintiff, the tenant, William Calvin Poole Junior, that he
4  must seek someone to read the documents to him.  Plaintiff
5  signed lease on the afore specified date, but with the caption
6  no Braille document available.
7       8.    The failure of the landlord to provide access I
8  believe form documents has provided considerable distress to
9  the tenant in numerous ways, including, but not limited to,
10 tenant not receiving timely notices of repairs to be done in
11 his unit, timely notices of pending rent increases for new
12 leases, and an ignorance of the tenant of the terms of the
13 lease itself, as well as the inability to review the terms of
14 the contract other than what he has been told by the opposite
15 interested party in the contract, the landlord/defendant.
16       The plaintiff seeks relief in the form of specific
17 performance to be ordered by this Court, by way of the
18 provision of all accessible form documents from the landlord,
19 in the form of minor literary Braille.  (Plaintiff realizes
20 that this relief may more properly be sought under another form
21 for injunctive relief, but the breath of the instruction given
22 on the civil complaint form did not necessarily exclude making
23 such a claim on it.)
24       Plaintiff believes that he is entitled to certain
25 damages, compensatory and/punitive, as yet unspecified, for his

1  depravation of civil rights as an individual with disabilities.
2  Plaintiff makes this assertion on the basis of distress
3  experienced by him by such miscommunications, misinformation,
4  as well as the general degradation of his status as an equal
5  tenant, not being accommodated in the same form as a normally
6  sighted individual, similarly situated.
7      This behavior, both by refusals and stallings, on part
8  of the defendant, has continued and persisted for the past
9  several years, and currently continues through the current date
10 of this petition.
11     Punitive damages may be appropriate, in accordance
12 with the length of time this situation has persisted and been
13 unredressed.
14
15     Motion for accommodation.
16     By the Court of the United States, in the manner of
17 the above caption William Calvin Poole Junior, versus Cofab
18 Properties Incorporated.
19     We pray this honorable court grant the plaintiff in
20 this case, William Calvin Poole, Junior, all documents related
21 to this case, issued by this Court, in the accessible form of
22 American Literary Braille, grade 2.
23     Without such accommodation being made in this case,
24 the ability of the plaintiff to operate pro se, or even
25 participate in his own defense with the you aid of an attorney,

```
 1  is considerably compromised, in relation to what it would be in
 2  comparison with a normally sighted individual, similarly
 3  situated.
 4          This motion is made under the terms of the, quote,
 5  equal protection of the law, quote, clause of the 14th article
 6  of amendment of the United States Constitution, and all
 7  sufficiently rights laws pertaining to the blind and visually
 8  impaired, and other persons with disabilities, made pursuant
 9  thereto.
10
11
12
13
14
15
16        [signature: Wilber C. Roby]
17
18
19
20
21    9/11/ 2016
22
23
24
25
```

```
 1            (Complaint).
 2            It was the plaintiff's intention to file this suit
 3   yesterday, but this Court was unable to accommodate him at that
 4   time, due to his disability.  This Court would have been able
 5   to accommodate a normally sighted person, similarly situated,
 6   yesterday, the 31st of August 2016.
 7
 8
 9
10
11
12
13                      [signature]
14
15
16
17              9/1/2016
18
19
20
21
22
23
24
25
```